PONDER, Justice.
This is an appeal by Mrs. Fannie W. Brickman from a ruling of the Civil Service Commission, City of New Orleans, affirming her dismissal as Aviation Accountant by the appointing authority of Moisant International Airport.
The appellant was discharged on July 21, 1956 by direction of the New Orleans Aviation Board. J. D. Cruze, Assistant Director of the Board, notified the appellant in a communication dated July 21, 1956 of the board’s action in terminating her services and setting forth the’ reasons therefor, viz.:
“a. Lack of adaptability — The New Orleans Aviation Board was compelled to employ another accountant to affect the transition from one fiscal system to a new fiscal system being adopted.
“b. Inability to work with others— It was repeatedly demonstrated that you experienced serious difficulty in harmoniously working with contemporaries, internally within the Airport Administration, and externally with other agencies.”
*148 After a hearing the Civil Service Commission of the City of New Orleans made the following findings of fact:
“1. For many years prior to her dismissal on July 26, 1956, appellant had been a competent and faithful employee of the City of New Orleans.
“2. In the course of the transition to the accounting system required by the new City Charter, appellant had difficulty in adjusting herself to the change, and she expressed herself to the effect that the transition could not be accomplished.
“3. In the course of the conflicting views which developed between appellant and the City authorities, appellant developed an emotional situation, which contributed at least in part, to the differences between her, her superiors and her fellow employees.
“4. Under all the circumstances it cannot be said that the appointing authority acted without reason in concluding that appellant lacked adaptability, and demonstrated some inability to work with others.”
As error the appellant contends that there is no evidence in the record to support the finding of the Commission that she is unadaptable and is unable to work with others; and as further error appellant contends that the punishment of discharge is not consistent with nor warranted by the facts as presented to the Commission.
It appears that the appellant went to work at Moisant Airport on April 1, 1946, as an accountant. She had complete charge and responsibility of all of the records. On May 1, 1954, when the new City Charter went into effect, the Aviation Board was placed therein under the direct authority of the Accounting Office of the City. During the summer of 1955 it was required that the Aviation Board conform to the financial and purchasing requirements of the new charter, requiring that all purchases should clear through the central purchasing department of the city and that all collections and disbursements should clear through the City-Treasurer’s office. The Board was required to prepare and submit budgets on forms furnished by the Finance Department of City Hall. As a result the budgets had to be prepared in two ways (1) to comply with what was necessary for the Civil Aeronautical Administration and the regular accounting methods used by the airport and (2) to comply with the requirements of the city charter and the department of finance of the city.
The appellant was employed continuously by the City of New Orleans from January of 1941 until her discharge in July of 1956. The record shows that she was an efficient and conscientious employee until this transition in the methods of accounting *150 became necessary, at which time she could not adjust herself to the change and took the position that the transition could not be accomplished.
There was considerable confusion among all of the employees at the airport at the beginning of the transition and because of this confusion and emotional strain, the appellant attempted to resign in January of 1956 but was persuaded not to do so.
On July 13, 1956 appellant addressed a letter to Mr. Johnson, which was relayed to Mr. Cruze, Assistant Director, stating therein:
“I earnestly request being advised if this situation is to continue. If it is — I can’t endure it any longer and will guide myself accordingly.”
After receiving this letter, Mr. Cruze considered this an ultimatum that either appellant’s superior, Mr. McGee, would have to be discharged, or she would resign, appellant and Mr. McGee having been in serious disagreement on many occasions as to the method of transition.
Without reciting the evidence taken in this case, it is sufficient to say that there is evidence supporting the charges made by the appointing authority and we are not presented with a case where there is no evidence to support the charges.
This Court has jurisdiction in these cases only on questions of law under LSA-Louisiana Constitution, Article 14, Section 15 which recites that “The decision of the' appropriate Civil Service Commission shall' be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law * * This Court is without authority to examine the weight of evidence, where there is some evidence to support the finding of the Commission. Jordan v. New Orleans Police Department, 232 La. 926, 95 So.2d 607; Cottingham v. Department of Revenue, 232 La. 546, 94 So.2d 662.
It appears in this case that there is only a question of fact involved and it was the opinion of the Commission that from the evidence it was proved:
“ * * * that the appellant did not adapt herself to the proposed change in the accounting system at the Airport, and, in fact, she actually declared that the transition could not be accomplished. In the course of these difficulties appellant’s emotional conduct did have effect on her ability to work with others.”
After hearing the evidence, the Commission concluded that the appellant had not borne the burden of proving that the appointing authority had acted arbitrarily and without adequate reason, in discharging appellant. As pointed out in the case of Jordan v. New Orleans Police Department, supra, we are without authority to examine into the sufficiency of the evidence to es *152 tablish adequate reasons for the discharge of an employee.
From a review of the record it does not appear that appellants dismissal was motivated by any personal prejudice or political reasons, nor that it was arbitrary, discriminatory, or capricious.
For the reasons assigned, the ruling of the Civil Service Commission of the City of New Orleans is affirmed.