SARTAIN, Judge
Appellant, Francis A. Danna, appeals from a decision of the Civil Service Commission, sustaining the action of Dudley A. •Guglielmo, Commissioner of Insurance, separating appellant from his position as Insurance Examiner III, effective December 15, 1965.
Appellant cites as errors of law committed by the Civil Service Commission, the Commission’s holding that appellant misused his sick leave on April 30, 1965; that the Commission’s finding that appellant’s letter of December 1, 1965 was “disrespectful”; and, that the decision of the Civil Service Commission fails to contain any •discussions, findings, and evaluations showing that its members independently considered circumstances in mitigation of the punishment and degree of penalty to be imposed. The Commissioner of Insurance answered the appeal and urges the correctness of his action and affirmance of the decision of the Civil Service Commission.
The record reflects that under date of December 6, 1965, the Commissioner of Insurance addressed a letter to appellant, notifying the latter of removal from his position of permanent Insurance Examiner III for the following reasons:
“1. Appellant had used sick leave to attend the Kentucky Derby on April 30, 1965.
2. Appellant had threatened to sue the Commissioner and his assistant for defamation because they had given appellant a substandard rating.
3. Appellant refused to furnish Commissioner certain information the Commissioner requested in a letter dated November 19, 1965, and sent Commissioner a disrespectful letter in connection with the request on December 1, 1965.
4. Appellant refused to make available, despite instructions to do so, the correspondence between appellant and the Attorney General concerning the Commissioner’s office.”
Appellant filed a timely appeal with the Civil Service Commission which conducted a hearing on February 16, 1966 and for written reasons assigned on March 1, 1966 sustained the action of the Commissioner of Insurance.
 It is the well settled jurisprudence of this state that the decisions of the Civil Service Commission are final as to its finding of fact and the Court of Appeal is limited to the determination of questions of law only and is without authority to inquire into weight or sufficiency of evidence on which the Commission’s decision is founded if there is any evidence to support the charge. LSA-Const. Art. 14 § 15(0) (1). The find *755 ing of fact by the Civil Service Commission must be based on evidence in the record and it is only where the record is barren of any evidence to support the findings of the Commission that a question of law thereby arises, thus vesting jurisdiction in the Court of Appeal for a review as to the validity of the action taken by the Commission. LSA-Const. Art. 7, § 30; Art. 14, § 15(0) (1); Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422; Mayerhafer v. Department of Police of City of New Orleans, 235 La. 437, 104 So.2d 163.
The conclusions reached by the Commission are short, concise, and to the point. We quote therefrom:
“The Commission’s Rule 11.13 specifies how sick leave is to be used. It provides:
A — Sick leave may be utilized by an employee who has sufficient leave to his credit for necessary absence from duty because of
1 — Illness or injury which prevents him from performing his usual duties.
2 — Medical, dental or optical consultation or treatment.
* ‡ * * * ‡
Appellant misused his sick leave on April 30, 1965. The misuse, under the circumstances, would not, in and of itself, be of sufficient gravity to warrant appellant’s dismissal if it were the sole charge, but taken with the other specifications, it has a cumulative effect.
Appellant contends that he had the right to threaten, and in fact, to sue, his superiors and that he cannot be discharged for threatening to exercise his legal rights. This overstates the case. An employee has a right, for example, to free speech but if he is disrespectful and insubordinate in exercising that right he can still be discharged.
However, in this instance the letter of discharge is barren of any accusation that the threats, for example, were made to coerce or intimidate, and, of course, no evidence was elicited to deny any coercion or intimidation because none was alleged. Under the circumstances, it is concluded that the charge, as made, is not sufficient to warrant disciplinary action.
Charges 3 and 4 are far more consequential. The factual basis is admitted. The defense is justification.
Charges 3 and 4 both concern appellant’s failure to produce certain information requested by the Commissioner. Appellant first explained that his duties took him out of Baton Rouge where the information was and that he could not be expected to get it together unless he was returned to Baton Rouge for that purpose. The record shows, however, that appellant’s attorney had the documents in his possession at the time and no acceptable explanation is offered for the attorney’s failure to produce them. Appellant testified that he did instruct his attorney to forward one letter, the one identified as Appellant 19, to the Commissioner, but that his attorney failed to send it. No distinction can be drawn in this proceeding between the conduct of the appellant and his attorney. Appellant’s attorney is his alter ego. The attorney is conclusively presumed to act, or fail to act, in his client’s behalf.
Appellant’s failure to produce the information requested was insubordination and the defiance expressed in the letter of December 1, 1965 gives further substance to the insubordinate attitude.
The Commission finds the removal justified and dismisses the appeal.”
The evidence clearly supports the finding-by the Commission that appellant did abuse sick leave privileges as authorized by Civil *756 Service Rule 11.13. On April 30, 1965, appellant was in Louisville, Kentucky, and on that date did attend the horse races at Churchill Downs. Admittedly, he went to Louisville on April 30 primarily to see the Kentucky Derby which was run on May 1, 1965 (a Saturday). But the unalterable fact remains that on April 30, 1965 he received his regular daily expenses for sick leave as per his request. The Commission while concluding that appellant misused his sick leave did not consider this offense of sufficient gravity to warrant dismissal but did determine that it had cumulative effect in view of the other charges. With respect to Charge 2 the Commission concluded that the charge as alleged was insufficient to warrant disciplinary action.
Charges 3 and 4 of the complaint against appellant are somewhat related. They involve a running feud that existed between appellant and his superiors in the Department of Insurance concerning the computation of taxable premiums under Louisiana law. This difference of opinion predated the present Commissioner’s term of office. The documents supporting appellant’s contention of justification filed in the record under notes of evidence, following their exclusion as to relevancy, show such a dispute as early as September 1, 1963. It is sufficient to say here that both sides persisted in their respective interpretations as to the proper manner in which to compute the tax. Appellant was subsequently assigned a “substandard classification”, a probation he refused to accept. He asked for and was granted a leave of absence from July 2 until October 4, 1965, and during part of said period he was employed by W. W. Stribling & Company on behalf of the State of Georgia. It was during this time that on August 24, 1965, appellant wrote to the Attorney General of Louisiana.
In his letter of November 19, 1965 the Commissioner of Insurance requested appellant to furnish within ten days, “any and all information you may have which you feel would verify your inference that members of my staff have been negligent in the computation of premium taxes or any other specific matters” and “copies of all correspondence between you and the Attorney General affecting this office.” The letter concluded, “To fail to comply with the foregoing request will result in serious disciplinary action”. With respect to the communication of November 19, 1965, appellant on November 24, 1965 wired to Commissioner Guglielmo, “As per 10 days ultimatum would result in serious disciplinary action. Pertinent information requested was previously sent to my attorney for evidence in my behalf, thus it would be impossible for me to meet your demand. Best wishes for a happy Thanksgiving”. Also, in his letter to the Commissioner of December 1, 1965, appellant concluded with the following:
“The 10 days ultimatum has expired and since this request was impossible for me to fulfil I will expect your final decision in this matter.”
The Civil Service Commission found that appellant’s refusal to produce the information requested was insubordination and that the defiance expressed “in the letter of December 1, 1965 gives further substance to the insubordinate attitude” of appellant. The decision of the Civil Service Commission was unanimous and was signed by the four members who heard the appeal. We do not find that their decision was so capricious and arbitrary as to constitute an error in law.
It is now urged before us that the Commissioner of Insurance failed and refused to permit appellant reasonable time in which to accumulate the requested material. Appellant did not request additional reasonable time. His telegram of November 24, 1965 can be viewed in no other light than a refusal to comply. The obstacle asserted by appellant is of his own construction. A simple request of his attorney to furnish the requested material accompanied by appropriate authority would have sufficed. This was not forthcoming. Further, appel *757 lant’s letter of December 1, 1965 is a direct challenge to his superior to act on the latter’s previous “ultimatum”. It certainly appears to us that in this dispute prudence would have been the better part of valor on the part of appellant.
Appellant cites Brickman v. New ■Orleans Avation Board, supra, for authority that the Civil Service Commission must ■make an independent finding on the question of whether or not the penalty inflicted is warranted' by the facts. He urges that the Commission failed to reflect upon this point and therefore we should remand this matter with instructions to them to make ..an independent finding of its own in this regard. The Commission did not fail to ■ consider whether or not the action of appellant warranted the extreme verdict of dismissal. The concluding paragraph of the •Commission’s opinion clearly states:
"The Commission finds the removal justifiable and dismisses the appeal.” (Emphasis ours)
"Such a statement does in fact indicate that the Commission considered its responsibility as a reviewing authority and did deliberate ■ on the question of whether or not removal was justified. We do not believe that to •satisfy this requirement they are obliged to •say more. In the Brickman case, supra, the .Supreme Court held that in view of the facts therein presented, the conduct of the ■ employee concerned was not such as to warrant disciplinary action. It is noteworthy to quote from that decision: (Page •431 of 107 So.2d)
“The mere fact that a civil servant has disagreements with her co-employees or superiors or that ill feeling develops between her and them or that she is unpleasant to work with or that she feels .her superiors are incompetent (so long as she is outwardly respectful) does not subject her to disciplinary action, absent a shozoing that such personality defects produce results found to be prejudicial to the efficiency of the public service.” (First emphasis ours)
and then ask if appellant here, while exercising his right to disagree, was outwardly respectful? There is sufficient evidence in this record which justifys an answer in the negative.
Counsel for appellant strenuously urges that appellant was under no duty to provide the Commissioner of Insurance with a copy of the letter he had written to the Attorney General because the letter was written at a time appellant was on a leave of absence and employed by a private concern. This argument cannot benefit appellant for two primary reasons. At the time the letter was written he was in fact employed by the State of Louisiana, though on a leave of absence, and as an employee of the State of Louisiana he was entitled to the protection of the civil service provisions' and correspondingly was subject to disciplinary action for improper conduct. Secondly, the letter concerned a matter involving appellant and his employer and requested an interpretation of law about which there was a serious disagreement. It should be specifically understood here that appellant is not being disciplined for having written a letter to the Attorney General, he is being disciplined for his refusal to furnish a copy to his superior.
For the above and foregoing reasons the judgment of the Civil Service Commission sustaining the action of the Commissioner of Insurance is affirmed. Appellant to pay the costs of this appeal.
Affirmed.