SAMUEL, Judge.
This is an appeal from a ruling of the Civil Service Commission of the City of New Orleans which sustained the suspension and later dismissal of Louis G. Heb-bler, Jr. by the New Orleans Fire Department from his position as a fire fighter. The following facts are uncontested:
Since 1969 Hebbler had enjoyed permanent status under Civil Service as a fire fighter with the Department. He was'suspended effective March 25, 1971 for violation of General Order No. 70-4 and Article 19 Section 1 of the Department manual. In pertinent part the order required hair no longer than collar length with the full ear exposed and limited the length of sideburns. When originally ordered to have his hair cut Hebbler complied; but he refused to have a second haircut when ordered to do so by his commanding officer. The suspension remained in effect until April 22, 1971. At that time appellant received written notice of his dismissal • for refusal to carry out the Department’s regulations and orders regarding his hair.
In this court Hebbler makes several contentions the first of which is that the record contains no evidence showing he violated the terms of the order in refusing to cut his hair a second time and does contain evidence showing compliance with the order. As we agree with this first contention, it is unnecessary to consider the others.
Testimony at the Commission hearing was given by only three witnesses, Fire Chief Louis San Salvador, Frank W. Broughton (who only identified pictures introduced at the hearing and gave some testimony relative to his opinion as to the reasonableness of the order), and appellant.
Chief San Salvador testified: General Order No. 70-4 became effective on August 4, 1970. He had not seen Hebbler at the time of his suspension or dismissal, but the morning following the suspension had been notified Hebbler refused to have his hair cut, resulting in a hazardous condition by virtue of its length. Although the chief was aware men’s hair styles have changed and was willing to have the firemen wear their hair in accordance with current styles, he stated that hair length must be consistent with the uniform and the fire fighting equipment they are required to wear. The general order was adopted following an investigation at the training school to determine whether or not certain lengths of hair were incompatible with items of necessary fire fighting equipment.
Hebbler testified he was instructed by his superior to get a haircut, and that he did so. But in spite of the fact that his hair then conformed to the order, in that it was not touching his collar, his ears were showing, and his sideburns did not extend below the ears, he was ordered to get a second haircut. He refused to get the second haircut because the first had brought him into compliance with the order.
The matter was heard by the Commission on July 8, 1971, more than three months after the suspension and more than two months after the dismissal. At that time Hebbler’s hair was shoulder length. But his own testimony is the only evidence in the record concerning his hair at the times of the suspension and dismissal.
As provided by our Constitution[1] a decision by a Civil Service Commission is final as to its findings of fact and on ap *226 peal the court is limited to a determination of questions of law only. However, findings of fact by a Civil Service Commission must be based on evidence contained in the record; and when the record is barren of any evidence to support such findings a question of law arises which vests jurisdiction in the appellate court to review the validity of the Commission action; in other words, a Commission ruling must be reversed when it is based on factual findings completely unsupported by any evidence in the record.[2]
In the instant matter the record contains no evidence supporting the finding of the Commission that on the dates of his suspension and dismissal the length of Hebbler’s hair violated General Order No. 70-4. Chief San Salvador did not see Hebbler at those times, and the fact that his hair was shoulder length at the time of the hearing is immaterial. Hebbler’s testimony, which is the only evidence in the record concerning that question, is that it did conform following the haircut. If this is so, the order for a second haircut was unwarranted. We note that the officer who found appellant’s hair violated the order was not called upon to testify.
As the record is devoid of any evidence supporting the Commission’s finding of fact, in addition to which the only evidence in the record concerning the question is to the contrary, we must reverse.
For the reasons assigned, the ruling of the Civil Service Commission of the City of New Orleans herein appealed from is set aside, annulled and reversed and it is ordered that appellant, Louis G. Hebbler, Jr., be restored to his former position with the New Orleans Fire Department.
Reversed.

. Appeal, Rule XVI § 1. I. LSA-Const. Art. 14, § 150(0) (1). See also Uniform Rules Courts of

. Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422; Mayerhafer v. Department of Police, New Orleans, 235 La. 437, 104 So.2d 163; Danna v. Commissioner of Insurance, La.App., 194 So.2d 753.