336 So.2d 55 (1976)
Mary Louise BERNARD
v.
LOUISIANA HEALTH AND HUMAN RESOURCES ADMINISTRATION et al.
No. 10830.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*56 Christopher Zaunbrecher, Rayne, for appellant.
Floyd J. Falcon, Jr., Baton Rouge, for appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
On June 2, 1975, Mary Louise Bernard's employment as a Custodial Worker II at Lafayette Charity Hospital was terminated. The letter of dismissal contained the following reasons for her termination:
"1. During the period November 27, 1974, through May 30, 1975, you have taken a total of 304 hours of leave time. Of this leave time you have taken 104 hours of sick leave; 112 hours of annual leave and 64 hours of compensatory leave.
"It is noted the record indicates that you have taken eight long weekends and/or legal holidays. This has created a hardship in the operational procedures of the hospital.
"2. On December 17, 1974, in violation of hospital rules and regulations and during your working hours you circulated a written instrument to certain employees of this hospital without knowledge of proper supervision, disrupting hospital operations, and creating an atmosphere of dissent such as to be detrimental to the efficient operation of our hospital. (A copy is attached hereto and made a part thereof).
"3. On March 3, 1975, at approximately 9 a.m. in the area of the Clinic, you were observed to be smoking in a no smoking area designated as a high risk area in the hospital; namely, the Out-patient Clinic. You continued to smoke in spite of being asked by Mrs. Ernestine Broussard to stop smoking. A memo dated December 2, 1974, clearly delineates the smoking and the no smoking areas in this hospital. (A copy is attached hereto and made a part thereof).
"4. On May 12, 1975, at 7 a.m. you reported to work without your identification badge which is in strict violation of the policies of this hospital. This policy was instituted in an effort to keep security at a maximum level. (A copy is attached hereto and made a part thereof).
"5. You failed to report for your assigned duty at 11 p.m. on the nights of May 25, 26, 27, 1975. You did report for duty at 11 p.m. on the night of May 28, 1975; however, you failed to bring in the required Doctor's certificate which is a breach of policy at Lafayette Charity Hospital. For these three days you were given 0 time because of this breach of policy.
"At the insistence of your supervisor, you obtained a note dated May 29, 1975, and signed by Dr. Lamarche stating, `Above employee was seen on Admit Room on Monday 26 because of high blood pressure *57 she was out of work 3 days.' You presented this note to Mr. Dalton Perron when your reported for work at 11 p.m. on Thursday, May 29, 1975. All employees were reminded of the existing sick leave policy by written memo on May 5, 1975. (A copy is attached hereto and made a part thereof).
"6. On the night of May 29, 1975, you requested of Mrs. Thecle Stewart, Swithboard Operator, that she listen to a conversation between Mr. Dalton Perron and myself. Mrs. Stewart refused to do this and informed me of your request. This is not only a violation of hospital policy but also a serious invasion of privacy.
"7. On the night of June 1, 1975, you failed to report at 11 p.m. for your assigned duty. You did not notify anyone that you would not be coming to work, therefore, again violating the policies of this hospital. (See memo dated May 5, 1975, a copy is attached and made a part thereof)."
The dismissal was timely appealed to the State Civil Service Commission. After a hearing, the Commission ruled that the appointing authority had carried its burden of proof as to allegations 1 and 3 only, and that those offenses were not of sufficient gravity to justify her discharge. The Commission directed that Miss Bernard be placed on suspension without pay for 15 days from June 2, 1975, and thereafter that she be reinstated to her position as Custodial Worker II. From that ruling, the State of Louisiana, through the Louisiana Health and Human Resources Administration, Southwest Charity Hospital, Lafayette, Louisiana, has appealed.
The first specification of error is that the Commission erred in finding that the appointing authority failed to prove allegation 6 of the letter of dismissal, that Miss Bernard asked the switchboard operator to listen in on a telephone conversation. The gist of the operator's testimony is contained in the following exchange:
"Mr. Bell: Did Miss Bernard ever ask you to either listen in or permit her or anyone else to listen in on a telephone conversation?"
"A. No. She asked me if I could listen in."
"Mr. Johnson: And what did you tell her?"
"A. I told her no."
"Q. Did she ask you about listening in on any particular conversation?"
"A. Dr. Voorhies had called Dalton Perron. That was the conversation."
"Q. She asked you about listening in on that?"
"A. If I could listen inI told her no."
It is contended by Miss Bernard that she was inquiring about the capabilities of the switchboard. The State interprets the above testimony to mean that Miss Bernard wanted the switchboard operator to listen in on the conversation and report what was said. The Commission found that there was no specific request made that the operator listen in. The above testimony is certainly susceptible of that interpretation, and there is therefore no manifest error in the Commission's findings, particularly in light of the fact that the appointing authority now bears the burden of proving the correctness of its allegations of misconduct. Article 10, § 8, Constitution of 1974.
The State next contends that the Civil Service Commission no longer has the constitutional authority or the statutory authority to alter the sanction imposed on an employee by the appointing authority, if there exists legal cause for some disciplinary action.
It is argued that the authority of the Commission to change or reduce a penalty was based on Article XIV, Section 15(O)(3) of the Constitution of 1921, which provided:
"If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time."
*58 The argument is without merit. The foregoing article simply states what the Commission can do in the event it decides on reinstatement. The fundamental authority to change or reduce the sanction imposed by the appointing authority was found in Article XIV, Section 15(O)(1) which gave the Commission the right to "hear and decide" appeals. The Supreme Court so held in Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958), and our courts have adhered to that interpretation. See Simmons v. Division of Employment Security, 144 So.2d 244 (La.App. 1 Cir. 1962).
Article 10, Section 12 of the Constitution of 1974 grants to the Commission the authority "to hear and decide all removal and disciplinary cases", and we are of the opinion that it embodies the same authority as did Article XIV, Section 15(O)(1) of the Constitution of 1921.
The State also argues that the disposition of the case made by the appointing authority is subject to a presumption of correctness, and can only be altered if a strong evidentiary showing of its impropriety is made by the employee. This was not the law of this State prior to the adoption of the Constitution of 1974, and, in view of the fact that the appointing authority now bears the burden of proof in cases such as this, there is no basis for such a rule.
We turn now to the question of the propriety of reducing the sanction imposed by the appointing authority. Allegation No. 1 of the letter of dismissal was shown to be substantially correct, in that Miss Bernard did take 96 hours of sick leave, 112 hours of annual leave, and 64 hours of compensatory leave. The record further reflects, however, that she had many more hours of leave earned which were available to her. With respect to the sick leave taken, there was no showing that she was not sick, and she testified that she took no sick leave unless she was actually indisposed. She stated she suffered from high blood pressure, and had broken a toe during the period in question.
Allegation No. 3 is that Miss Bernard, on one occasion, smoked a cigarette in a no smoking area of the hospital, despite being told not to do so.
We believe that the decision of the Commission that those two offenses alone were not sufficiently serious to justify dismissal is neither arbitrary nor capricious, and is certainly well within the authority accorded to it by the Constitution.
The final point to be considered arises out of the following circumstances: the hearing herein was held on August 13, 1975, at which time the proceedings were recorded by some sort of recording device. The opinion was rendered on September 18, 1975. After the appeal was taken, it was discovered that the recording device had failed to function during part of the testimony of Miss Bernard and all of the testimony of one of her witnesses, Margaret Dural. The Commission ordered that the record be reconstructed by taking the testimony of these two witnesses before a referee. This was done over the objections of counsel for Miss Bernard and for the appointing authority.
It appears that there was some variance between the testimony of Miss Bernard at the original hearing and at the hearing conducted before the referee, George T. Hamner, Jr., on February 11, 1976.
In view of the shift in the burden of proof from the employee to the appointing authority made by the Constitution of 1974, and the granting thereby to this court of the authority to review the findings of fact of the Commission, it is essential that the transcript furnished this court contain the testimony on which the opinion below is based, or that the Commission and the parties comply with the provisions of Article 2130-2132 of the Code of Civil Procedure. Article 10, §§ 8, 12, Constitution of 1974.
We do not find it necessary to remand this case, however, because the only portion *59 of the testimony taken at the second hearing which must be considered on this appeal is that of Miss Bernard relative to Allegation No. 6. Although it is that part of her testimony which appears to be inconsistent, we do not think it makes any difference to the decision herein, since we have already found that the State failed in its affirmative burden of proof as to that allegation.
The ruling of the Civil Service Commission is therefore affirmed. The State shall pay all costs for which it may be liable under the law.
AFFIRMED.