MORIAL, Judge.
This is an appeal by Creighton Lee Pet-rich from a ruling of the Civil Service Commission of the City of New Orleans affirming his suspension and dismissal as a Housing Inspector by the appointing authority, Department of Safety and Permits.
Appellant was employed by the Department of Safety and Permits, Division of Housing Improvement on December 1,1971. On August 16, 1973 he was notified by letter from Edward C. Kurtz, Director, Department of Safety and Permits, of his dismissal for the following reasons:
“This action is being taken due to your incompetence in carrying out your duties as a housing inspector. You have been previously disciplined for making inaccurate reports in the following cases:
“Letter of May 7, 1973, concerning 2401-03 Constance Street, issued by your supervisor, Mr. Thomas V. Tufaro. “Letter of June 6, 1973, concerning 2007 Peniston Street, issued by your supervisor, Mr. Thomas V. Tufaro.
“The above cases and the present case concerning inspections made at 2114-16 and 2118-20 Gravier Street of which you were advised by your supervisor on Au *541 gust 9, 1973, are sufficient reasons for dismissal.”
After a hearing the Civil Service Commission of the City of New Orleans made the following findings of fact:
“1. The appellant improperly inspected 2007 Peniston Street in that on a ‘new initial’ inspection he conducted the inspection without gaining access.
“2. The appellant erred in listing 2114-16 and 2118-20 Gravier Street as demolished when these properties were, in fact, standing.
“3. The appellant did not carry his burden of proof relative to whether his signing of the grievance against his superiors had any bearing on his discipline.
“4. The appellant did not carry the burden of proof relative to the question of whether the Appointing Authority abused its discretion in setting the degree of discipline.
“5. It was reasonable for the Appointing Authority to terminate the appellant for his errors.”
As error the appellant contends: (1) that the Commission erred as a matter of law, in not reversing the action of the appointing authority which had suspended and then dismissed him from its employ; (2) there is total lack of evidence to warrant the Commission’s sustaining his termination by the appointing authority; and (3) his constitutional rights were violated by imposing upon him the burden of proof and by denying him equal protection of the law.
We dispose of appellant’s contentions in inverse order. The alleged causes for appellant’s dismissal and his appeal to the Commission were prior to the effective date of the Louisiana Constitution of 1974. Article 14, Sec. 23 of the 1974 Louisiana Constitution prohibits the retroactive effect of its provisions on rights existing on its effective date. See Paul v. Edwards, 323 So.2d 488 (La.App. 1 Cir. 1975). Accordingly, the review of this matter is governed by the provisions of the Louisiana Constitution of 1921. The Commission, therefore, was correct in placing the burden of proof on the appellant. See LSA-Const.1921, Art. 14, Sec. 15(N)(1).
The Commission made no factual finding referral to appellant’s April 1973 inspection of the Annunciation Street property in lieu of an inspection of the property assigned to him for inspection at 2401-03 Constance Street. Therefore, we refrain from a consideration of that incident for which appellant was reprimanded by his supervisor in writing on May 7, 1973.
In May 1973 appellant was issued written instructions to make an inspection of 2007 Peniston Street to determine if a new initial inspection of the premises was warranted. Plaintiff noted on his report that he did not gain access to the building; however, he did indicate-in his report that a new initial was not warranted. Appellant received a letter on June 7,1973 suspending him for one day without pay for indicating an inspection was unwarranted without gaining access into the building. Appellant appealed this suspension and it was at issue before the Commission.
In October 1972 appellant was assigned to make inspections at 2114-2116 Gravier and 2118-2120 Gravier. In his report, appellant indicated that the buildings at these addresses had been demolished. A subsequent inspection in July 1973 by another inspector showed that the buildings had not been demolished. Apparently, appellant had inspected buildings on the wrong side of the street. Appellant was given notice of this error on August 9, 1973.
We deem it unnecessary to recite the evidence taken in this case; suffice it to say that there is evidence to support the findings of fact of the Commission and this is not a case where there is no evidence to support the charges. The findings of fact of the Commission are binding on us when supported by any evidence, and we may not substitute our conclusion on the facts for that of the Commission. See LSA-Const. 1921, Art. 14, Sec. 15(0)(1); Brickman v. Aviation Board, 236 La. 143, 107 So.2d 422 (1958); Mauboules v. Louisiana Wild Life & *542 Fisheries Com’n, 312 So.2d 899 (La.App. 1 Cir. 1975).
In this case the Commission determined that on its findings of fact it was reasonable for appellant’s employment to be terminated by the appointing authority. Disciplinary action against a classified employee must be based on legal cause. Our Supreme Court has jurisprudentially defined legal cause for disciplinary action against a classified employee as that conduct which impairs the efficiency of the public service and which bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. See Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). Absent such a relationship removal would be arbitrary and subject to annulment as a matter of law by this court. Brickman, supra.
Appellant failed to inspect the property assigned for inspection. By his errors, certain defects would have gone unfounded resulting in the possible perpetuation of hazardous conditions. Therefore, his conduct did detrimentally effect the public service provided by the appointing authority. See Suire v. La. State Board of Cosmetology, 224 So.2d 7 (La.App. 1 Cir. 1969). Whether or not the discipline employed was too harsh was a question of fact to be determined by the Commission. We are not permitted to disturb those findings unless there is no evidence that the conduct of the employee was prejudicial to the operation of the public service. See Morris v. Dept. of Highways, 274 So.2d 924 (La.App. 1 Cir. 1973), writs denied 278 So.2d 504 (1973).
From our review of the record it does not appear that the dismissal of appellant was motivated by any personal prejudice or political reasons, nor that it was arbitrary, discriminatory, or capricious.
For the foregoing reasons, the ruling of the Civil Service Commission of the City of New Orleans is affirmed at appellant’s cost.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.