BYRNES, Judge.
This is an appeal from a Civil Service Commission ruling suspending appellant for a period of sixty (60) days and upon end of said suspension demoting appellant from his prior rank of Captain to the position of Operator. We affirm the decision of the Civil Service Commission.
On November 8, 1980, appellant Richard Nick, was suspended pending investigation of allegations of his consuming alcohol and damaging a City of New Orleans vehicle by jumping on the hood, roof and trunk of the vehicle, said actions occurring while Nick was on duty. As a result of the investigation on January 7,1981, the Superintendent of the Fire Department took disciplinary actions whereby appellant was suspended for sixty (60) days and demoted to Fire Apparatus Operator with a pay cut. The disciplinary action was affirmed by the Civil Service Commission. Appellant appealed the disciplinary action of the Civil Service Commission. It is from this ruling that the appellant now appeals to this court.
As this court sees it, the only cognizable issue presented is whether the Civil Service *132 Commission of the City of New Orleans erred in finding that the penalty fit the offense and its application of the applicable law in the instant matter.
The Commission, in their opinion, cited Branighan v. Department of Police, 362 So.2d 1221 (La. 4th Cir. 1978), in their reasons for not reducing the penalty assessed by the Fire Department Commission. We believe the Commissioner was correct in the application of the principles enunciated in Branighan. In Branighan this court stated:
“The legal basis for any change in disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of Civil Service Employees is only against firing (or other discipline) without cause. This protection arises from La.Const. art. 10 § 8(A):
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause in writing.
Cause justifying a one-day suspension might not justify a dismissal, and therefore — and in that sense — the Civil Service Commissions authority “to hear and decide” disciplinary cases, Const, art. 10 § 12, includes authority to modify (reduce) as well as to reverse or affirm a penalty. See Brickman v. New Orleans Aviation Board, 1958, 236 La. 143, 107 So.2d 422; Bernard v. Louisiana H. & H. R. A., La.App. 1st. Cir. 1976, 336 So.2d 55. But, for example, cause justifying a 25-day suspension very probably would also justify a 30-day suspension, and the Commission’s authority “to hear and decide” an appeal from a 30-day suspension would therefore probably not include authority to reduce the 30-day suspension to 25 days. The Commission does not have the authority to reduce a penalty except on a determination that there is insufficient cause for the greater penalty.” (Footnote Omitted)
Appellant, at the time of the offense, was a Captain in the New Orleans Fire Department. He admitted that he did drink while on duty, clearly in violation of Section 12:25 of the Fire Department rules but that this in no way affected his performance as is evidenced by the fact that he attended a “roll” that evening. We feel that this attempt by appellant to mitigate his offense is not responsive to the issue at hand since Section 12:25 of the Fire Department rule states quite clearly: “No member while on duty, or in uniform shall consume, possess or be under the influence of alcoholic beverages”. (Emphasis ours)
Although we can sympathize with appellant’s contention that the penalty was rather harsh, we are not unaware of the responsibilities and duties incumbent on appellant in his position as Captain. Even to the uninitiated observer, the gravity of the offense would appear to be far greater when said offense is committed by a fireman with leadership responsibilities.
We feel that testimony given in the hearing afforded appellant clearly supported the imposition of the disciplinary action by the Fire Superintendent. For this reason appellant’s appeal is hereby dismissed and the Civil Service Commission ruling is hereby affirmed with all costs assessed to appellant.
AFFIRMED.