BARRY, Judge.
Theodore Aufdemorte, a 14-year veteran of the New Orleans Police Department, spent three hours in a coffee shop during his duty shift and falsified his daily trip sheet. He was demoted from probationary status as Police Office II, suspended for 15 days, and transferred from motorcycle duty to district patrol. The Civil Service Commission found mitigating circumstances and reversed the suspension, and the Police Department now argues the Commission erred.
Lt. Kavanaugh, Officer Aufdemorte’s superior, discovered discrepancies between the times on traffic citations issued by Aufde- *365 morte and times and locations on his trip sheet. When confronted Aufdemorte candidly admitted he “spread out” the times to cover up the time at the coffee shop. Aufdemorte testified that on the preceding day he burned his hand on his motorcycle exhaust pipe and the prescribed medication made him drowsy.
Officer Aufdemorte said although police regulations require an officer who becomes ill on duty to report to his superior, there is an “unwritten code that you just don’t bother them.” Lt. Kavanaugh corroborated Aufdemorte’s testimony that a few days before the incident, Kavanaugh warned his men that use of sick leave would be considered in promotions and told Aufdemorte to “go easy” on sick leave.
The Commission found that, while “the intentional falsification of official reports is a serious offense,” there were several mitigating factors. The Commission cited the effects of Aufdemorte’s medication and that he had to stay somewhere until his drowsiness wore off. The Commission felt Aufdemorte should have been out on sick leave, but the Police Department “is partially culpable for discouraging the use of sick leave.” The Commission also found “[ajnother mitigating fact is that appellant voluntarily reported his absence from duty.” The Police Department correctly points out that Aufdemorte did not report his absence from duty until confronted with the discrepancies; however, the Commission obviously felt Aufdemorte’s prompt, honest admission was a mitigating factor. .
The Department contends Aufdemorte’s dereliction constitutes legal cause for some disciplinary action and “the Commission was without authority to substitute its judgment for that of the appointing authority.” The Department relies on Branighan v. Dept. of Police, 362 So.2d 1221 (La.App. 4th Cir.1978) where we discussed the Commission’s authority to alter sanctions imposed by an appointing authority:
The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause.
We specifically noted that:
Cause justifying a one-day suspension might not justify a dismissal, and therefore — and in that sense — the Civil Service Commission’s authority “to hear and decide” disciplinary cases, Const. Art. 10 § 12 includes authority to modify (reduce) as well as to reverse or affirm a penalty. See Brickman v. New Orleans Aviation Board, 1958, 236 La. 143, 107 So.2d 422; Bernard v. Louisiana H & H.R.A., La.App. 1 Cir.1976, 336 So.2d 55. But for example, cause justifying a 25-day suspension very probably would also justify a 30 day suspension and the Commission’s authority “to hear and decide” an appeal from a 30-day suspension would therefore very probably not include authority to reduce the 30-day suspension to 25 days. The Commission does not have the authority to reduce a penalty except upon a determination that there is insufficient cause for the greater penalty.
Under Art. 10 § 12 of the La. Constitution, the appointing authority, not the employee, bears the burden of proving the propriety of any disciplinary action taken against the employee. There is no presumption of correctness attached to the sanctions imposed by a governmental department against an employee. Newman v. Dept. of Fire, 425 So.2d 753 (La.1983).
Apparently the Commission, considering all circumstances, felt the multiple penalties were overly harsh and not consonant with Aufdemorte’s offense. In fact, the Commission deemed the Department’s action so inequitable it would have reinstated Aufdemorte to his former rank but was without authority to do so because it was probationary.
We will not disturb the Commission’s decision absent manifest error, arbitrariness or capriciousness and affirm at defendant’s costs.
AFFIRMED.