JjDENNIS R. BAGNERIS, SR., Judge.
Officer Kevin Penn of the New Orleans Police Department, appeals the Civil Service Commissions decision upholding a one (l)-day suspension that had been imposed by the Superintendent. Also, the Commission dismissed the appeal filed by Officer Penn. The Superintendent imposed the suspension on Officer Penn for violation of the Police Department paid detail regulations.
On October 9,1999, Officer Penn worked a paid detail at the Windsor Court Hotel in New Orleans, Louisiana. The Police Department instituted an investigation because the requisite paperwork for the authorization of the paid detail was not in Officer Penn’s personnel file nor was their a data entry in the Fifth District’s computer.
On May 31, 2000, Officer Penn was suspended for one (1) day and his detail privileges were suspended for ninety (90) calendar days. Officer Penn appealed to the Commission for review of the Superintendent’s decision. The Commission assigned the matter to a Hearing Examiner.
Sergeant Gary J. Gremillion, Public Integrity Division, investigated the matter for the Police Department. Sergeant Gremillion testified that he checked the detail logbook and learned that four officers, including Officer Penn, had | 2worked a paid detail at the Windsor Court Hotel. The requisite paperwork, specifically form 21, for three of the officers was submitted as required by the Police Department. Sergent Gremillion testified that he based his findings on his review of Officer Penn’s personnel file and the Fifth District’s database, neither of which contained any evidence of the authorization for the paid detail at the Windsor Court Hotel.
The Commission conducted a hearing and the matter was taken under advisement. The Commission rendered judgment dismissing Officer Penn’s appeal and affirmed the one (1) day suspension. The Commissioned opined that:
The Appointing Authority has established by a preponderance of evidence that Appellant violated its internal regu *849 lation requiring that employees working paid details submit an authorized request form. The evidence does not support the Appellant’s contention that he submitted the form. The Appellant did not maintain a copy of the form, and could not aid in the investigation by providing the name of the supervisor that he contended received and signed the form. Consequently, Sgt. Gremil-lion could not confirm or refute the Appellant’s contention. As such, the only reliable evidence was the absence of the required form in the Appellant’s personnel file and the absence of the data entry in the fifth District computer. Further, we find that the one-day suspension is commensurate with the violation.
Officer Penn appeals.

DISCUSSION

On appeal, Officer Penn contends that the Civil Service Commission’s decision is arbitrary, capricious and clearly erroneous. Officer Penn contends that the Appointing Authority did not have sufficient cause to suspend him, and the penalty was disparate citing Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984), in support of his contentions. He further argues that the Appointing Authority failed to establish its burden of proof, as well 13as show that that such an alleged minor infraction impaired the efficient operation of the Police Department. We disagree.
The Civil Service Commission has the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The Commission’s decision is subject to review on any question of law or fact upon appeal to the Court of Appeal. La. Const, art. X, Sec. 12(B).
The Louisiana Supreme Court has formulated jurisprudential precepts to guide the Commission and the' courts of appeal in applying these constitutional principles. “Cause” for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958); Jais v. Department of Finance, 228 La. 399, 82 So.2d 689 (1955); Gervais v. New Orleans Department of Police, 226 La. 782, 77 So.2d 393 (1954).
The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. See Brickman v. New Orleans Aviation Board, supra, 107 So.2d at 434 (1958) (McCaleb, J., dissenting). A reviewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of the commission’s discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971); Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 (1954). On the other hand, the judicial review function is not so limited with respect to the commission’s decisions as to jurisdiction, procedure, and interpretation of laws and regulations. Konen supra.
The standard to be applied by a court in reviewing the commission’s factual findings has changed over the years. Under the *850 previous constitution, which provided that the commission’s findings of fact were final, La. Const, art. XIV Sec. 15(0)(1) (1921), this court held in a variety of decisions that the agency’s factual findings would not be disturbed if there is of record “any evidence,” Leggett v. Northwestern State College, supra; “substantial evidence,” Konen v. New Orleans Police Department, supra; “some evidence,” Gervais v. New Orleans Police Department, supra or “probative evidence, ” Mayerhafer v. New Orleans Police Department, 235 La. 437, 104 So.2d 163 (1958), to support them. See H.F. Sockrider, Dismissal of Louisiana State Civil Service Employees, 23 La.L.Rev.121 (1962). These standards of review of factual determinations, however, have been superseded by the new constitutional rule that the commission’s decision is subject to review on any question of law or fact. La. Const, art. X Sec. 12.
Accordingly, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commission’s factual findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). See, Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980); Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978); Michel v. Department of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir.1976).
| ¡(Thus a multifaceted review function is committed to the court in civil service disciplinary cases. In reviewing the commission’s procedural decisions and interpretations of law the court performs its traditional plenary functions of insuring procedural rectitude and reviewing questions of law. Due concern both for the intention of the constitution and for the boundaries between the functions of the commission and of the court, however, demands that a reviewing court exercise other aspects of its review function with more circumspection. In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. Cf. La.R.S. 49:964; Save Ourselves, Inc. v. The Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984); Weyerhaeuser Co. v. Costle, 590 F.2d 1011 (D.C.Cir.1978); K. Davis, Administrative Law (1982 Supp.) at 536 et seq., Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984).
After careful review of the record, we conclude that the Commission did not commit manifest error in its factual findings nor was its decision arbitrary and capricious. The evidence shows that Officer Penn worked the paid detail; form 21 is not in his personnel file and there is no record of the detail in the Fifth District’s computer. Therefore, the Commission’s decision to dismiss Officer Penn’s appeal and to affirm the one (1) day suspension is not manifestly erroneous or clearly wrong.
| (AFFIRMED.
TOBIAS, J., concurs.