JENKINS, J.
Dissents and Assigns Reasons.
_JjI respectfully dissent and would reverse the Civil Service Commission decision.
In my view, the Commission disregarded the evidence supporting the legal cause for the disciplinary action taken by the Appointing Authority — the New Orleans Police Department (NOPD). “The legal basis for any change in disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority.” Nick v. Dep’t of Fire, 416 So.2d 131, 132 (La.App. 4th Cir.1982). The disciplinary decision by the NOPD was based on more than the statements of the.officers on the scene and one witness. The NOPD Public Integrity Bureau conducted a lengthy investigation into the civilian complaint against Officer Chadwick Taylor which involved interviews with many witnesses to the incident. The investigating officer testified about interviews with at least seven civilian witnesses, including the arrested subject, and he stated that his determination that Officer Taylor *235 had used unauthorized force and had been untruthful was based on the overall weight of all the corroborating statements, in contrast to the statement of Officer Taylor, gathered during the investigation. Once the investigating officer had concluded his investigation he recommended that the allegations of policy violations be sustained, but the disciplinary decision [¡was not based solely on that investigative report. The NOPD based its disciplinary decision on the full administrative investigation, an internal hearing at which Officer Taylor had the opportunity to be heard, the recommendation of a Deputy Superintendent, and a final review by the Superintendent of the NOPD. The Civil Service Commission conducted a hearing in which only one civilian witness testified and all four NOPD officers at the scene testified. From a review of the record and the Civil Service Commission decision, I find that the Commission dismissed the statements made during the investigation and testified to by the investigating officer and relied heavily on the testimony of Officer Taylor and his fellow officers, who admittedly did not see everything that occurred during the incident in question. The evidence presented supported legal cause for the disciplinary action taken by the Appointing Authority against Officer Taylor, and I find the Commission’s determination to reverse all disciplinary action taken by the Appointing Authority in this case to be arbitrary and capricious.