144 So.2d 244 (1962)
Ida Belle SIMMONS, Appellee,
v.
DIVISION OF EMPLOYMENT SECURITY of the State of Louisiana, Appellant.
No. 5783.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
Rehearing Denied September 25, 1962.
Melvin Bellar and Marion Weimer, Baton Rouge, for appellant.
Richard C. Cadwallader, Baton Rouge, for appellee.
Before ELLIS, HERGET and MILLER, JJ.
HERGET, Judge.
Ida Belle Simmons was discharged from her position as Clerk II in the Division of Employment Security effective March 30, 1962 for the reason that she engaged in an argument with a fellow employee, lost her temper and slapped the latter. She appealed to the Civil Service Commission and that Commission, after a hearing, with one Commissioner dissenting, concluded that the cause for which the employee was discharged was sufficiently proved and that such action, that is the slapping of a fellow employee, was "administratively intolerable for an employee to strike or do bodily harm to a coworker, but a single such occurrence does not necessarily reflect upon a person's ability to perform the duties of a position in the public service." Accordingly, the Commission concluded that the penalty of discharge was not appropriate in the instant case and ordered the reinstatement of appellant as of May 31, 1962, on condition that she stand suspended without pay for the period from March 30, 1962 to May 31, 1962.
*245 From this ruling of the Commission the Administrator of the Division of Employment Security appealed to this Court contending that the Commission having found valid cause for the dismissal of the employee by the Administrator was without legal right to change the punishment and substitute its judgment for that of the Administrator as to the penalty to be imposed. On motion of the Administrator we granted a stay of execution of the ruling of the Civil Service Commission pending a decision by this Court of the issues raised on appeal. Thus, the sole issue presented by this appeal is whether or not the Civil Service Commission is empowered to change the penalty imposed by the Administrator upon a finding that cause exists for the action taken by the Administrator.
LSA Constitution, Art. 14, § 15(O) (1) provides:
"Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removable and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals."
LSA Constitution, Art. 14, § 15(O) (3) provides:
"Reinstatement by commission; conditions; pay for lost time. If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time."
The authority by the Civil Service Commission to make an independent finding as to whether a penalty of dismissal is proper under the facts of the case was discussed at length in Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422. The Supreme Court in the majority opinion expressly approved the observations made by Justice McCaleb, who dissented on another ground, when he said at page 434, 107 So. 2d:
"* * * I do not think it was ever the intention of the Court to convey to the civil service commissions that they were not required to decide for themselves on all appeals, in cases involving disciplinary action, that the action taken by the appointing authority was justified in fact and in law.
"By Section 15(O) (1) of Article 14 of the Constitution it is the function of the civil service commissions, inter alia, `* * * to hear and decide all appeals and the legality of all removal and disciplinary cases'. Accordingly, in making a determination of any case brought before them, it is their duty to decide from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if this question is determined affirmatively, it must then be resolved whether the dereliction is such as to justify the punishment imposed. For, if the penalty is not commensurate with the asserted cause for the disciplinary action, then, unquestionably, there has been discrimination against the employee in violation of the law. The Commission abdicates its function of review unless it makes an independent finding on these questions, forasmuch as the issue on appeal in employee disciplinary cases is not confined to the question of whether the action of the appointing authority is arbitrary and capricious but, rather, whether the *246 disciplinary action was founded on cause which necessarily includes inquiry into the question of whether the penalty inflicted is warranted by the facts."
Thus, it seems apparent that under LSA Constitution, Article 14, Section 15(O) (1), quoted supra, authority is vested in the Commission to review the penalty imposed as well as the facts of the case.
In Dickson v. Richardson, 236 La. 668, 109 So.2d 51, the Supreme Court specifically interpreted LSA Constitution, Article 14, Section 15(O) (3) as authorizing the Civil Service Commission to reinstate a discharged employee upon such condition as it deemed proper. The Court saying at page 53, 109 So.2d:
"In reaching the conclusion that defendant is not entitled to deduct wages earned by plaintiff during the time he was illegally separated from the service, we have given consideration to Section 15(O) (3) of Article 14 of the Constitution which vests the Civil Serv-Commission with the authority, in the event it finds on appeal that an employee has been wrongfully dismissed or suspended, to reinstate him `* * * under such conditions as it deems proper and may order full pay for lost time'. We regard the discretionary power conferred by this provision as extending only to cases in which the Commission itself reinstates the employee. In such instance, the Commission unquestionably may make such deductions from pay as it finds justifiable under the particular circumstances of the case, subject only to correction here in event of arbitrary action. See Hermann v. New Orleans Police Department, 238 La. [81], [113] So.2d [612]. But, when the Commission has denied relief to the employee and its decision is reversed here and the employee reinstated, the reinstatement will be effected in conformity with the established jurisprudence in mandamus actionsthat is, with full pay from the date of the wrongful separation from the service, without deduction of other earnings."
Inasmuch as this Court is, under the law, limited in its review of appeals from the Civil Service Commission to questions of law, the action of the Civil Service Commission in changing the penalty imposed cannot be set aside by the Court except upon a finding that same was arbitrary or capricious. We are unable to categorize the decision of the Commission as such.
For these reasons, the stay order heretofore issued herein is recalled and set aside and the decision of the Civil Service Commission ordering the reinstatement of Ida Belle Simmons as of May 31, 1962 with pay, on condition that she stand suspended without pay for the period from March 30, 1962 to May 31, 1962, is affirmed, at Appellant's cost.