SARTAIN, Judge.
Paul W. Pendley (appellant) prosecutes this appeal from a decision of the Civil Service Commission of the State of Louisiana (Commission) upholding his dismissal from employment with the state. We reverse and remand.
On November 6, 1973, the following letter of dismissal was addressed to appellant:
“Mr. Paul W. Pendley
2344 West Contour Drive
Baton Rouge, Louisiana 70809
Dear Mr. Pendley:
Pursuant to your conversation with Mr. Roemer and myself on Monday, November 5, 1973, this letter is to advise you that effective at the close of business on Tuesday, November 6, 1973, you will be separated from your duties as State Property Insurance Manager with the Division of Administration.
By your admission to Mr. Roemer and myself, as well as testimony that you gave during the trial of W. W. McDou-gall, you knowingly and willingly accepted $400 of insurance commission kickbacks from John Reed of the Bushnell Agency of Alexandria. Furthermore, by your admission, your previous testimony before a Federal Grand Jury regarding your acceptance of insurance commission kickbacks was in conflict with your testimony given in the recent trial of W. W. McDougall.
We feel that the public knowledge, of your acceptance of insurance commission kickbacks irreparably impairs your effectiveness as a department head of this administration. We also believe that your actions as a State Official constitutes serious abuse of the public trust and confidence which are distinguishing characteristics of the public office that you held. We consider these actions unconscionable, intolerable, and cannot be condoned.
We are sending copies of this letter to the Department of Civil Service Service for their further handling.
Cordially,
Joe A. Terrell
Assistant to the Commissioner
cc Mr. Charles E. Roemer, TI, Commissioner
*546 Mr. Harold Forbes, Department of Civil Service
Miss Clara Gartman, Personnel Officer
On November 27, 1973, appellant, through his counsel, appealed to the Commission and cited the following reasons for objecting to his dismissal:
“Mr. Pendley is appealing this dismissal on the following, non-exclusive grounds:
1. The dismissal letter did not comply with the requisites of the Louisiana Constitution in that it did not set forth a fair and clear statement of the misconduct on the part of the employee including time, dates and places of the alleged misconduct.
2. Mr. Pendley was discharged without a hearing and without receiving any oportunity whatsover to present evidence in his own behalf thereby depriving him of constitutionally guaranteed due process of law.
3. Mr. Pendley was discharged by virtue of testimony given in a Court of Law which is an unlawful ground for dismissal under Louisiana law.
4. The conduct of which Mr. Pendley was accused took place four years prior to the dismissal and, accordingly, did not constitute an illegal offense under the applicable Statutes of Limitation under Louisiana Law.
5. The letter of dismissal dated November 6, 1973, contains several opinions on the part of the Dismissing Authority as to the impairment of effectiveness of Mr. Pendley as a Department Head of the Administration with no evidence whatsoever to support these statements of opinions.”
Following a hearing on the appeal the Commission, on April 3, 1974, rendered written reasons, which clearly set forth the facts and their conclusions, to-wit:
“Appellant held a highly responsible position as the State Property Insurance Manager with the Division of Administration. He had occupied this position for a number of years. His duties required him to see that all of the property of the State of Louisiana and its agencies was properly insured. He reviewed all policies, checked the insurance premiums invoiced adjusted any claims falling with the deductibles, and carried out instructions regarding insurance given him by the Commissioner of Administration.
The administration of the insurance program of the State of Louisiana came under federal scrutiny in 1973 and before. A Federal Grand Jury, meeting in Alexandria, called appellant before it to extract testimony from him with regard to certain practices. Subsequently there was a criminal proceeding held in the Federal Court in Alexandria involving an ex-Commissioner of Administration, and appellant was called to testify as a witness in that case. In the course of the trial, as the letter of dismissal here alleges and as appellant concedes, appellant admitted that he had accepted $400 of insurance commissions from John Reed of the Bushnell Agency of Alexandria. He further admitted at the time of the criminal trial and admitted for the purposes of this appeal, that in his testimony before the Federal Grand Jury, he had denied receipt of the same $400.
When the appellant’s court admission, made at the criminal trial in Alexandria, was publicized it came to the attention of his superior, Mr. Charles E. Roemer, II, now' and then Commissioner of Administration, and almost immediately thereafter a letter dated November 3, 1973 was addressed to the appellant advising him of his dismissal from his position as of the close of November 6, 1973.
A timely appeal was taken from the dismissal but the appeal does not deny *547 any of the factual allegations contained in the letter of dismissal. The thrust of the appeal is that appellant was an extremely competent State Property Insurance Manager and that the revelation of his receipt of the $400 and of his lack of veracity before the Federal Grand Jury, were not sufficient to outweigh his value to the State as an efficient and experienced manager.
This Commission believes, and so finds, that Mr. Pendley’s effectiveness as a manager of such a large program in which a considerable amount of money is involved has been seriously impaired by the incidents which are referred to and which are conceded to be true.
Appellant testified that he was aware of the fact that insurance commissions, earned by certain local insurance agencies in the State for business written for the State, were often, shared by the record agent with other agents who had not issued the policy or policies. The distribution of portions of the commission was a matter of patronage dictated by the Governor of the State of Louisiana. Aware of this practice and needing some funds himself, appellant conspired with John Reed of the Bushnell Agency, which had done considerable business with the State, to ask the Wright Insurance Agency of Baton Rouge (also an agency that did business with the State of Louisiana) to issue a check of $1100 payable to the Adams Insurance Agency at Pineville, Louisiana. The Wright Agency, believing that the request for the $1100 distribution came from the Governor or from the Commissioner of Administration, issued the check. Since appellant usually conveyed requests emanating from the Governor, there was no reason to believe in this instance that the request had not come from this source.
A check for $1100 drawn on the Wright Agency was issued to the Adams Agency, and John Reed, who was the manager of the Bushnell Agency, arranged for the check to be turned over by the Adams Agency to Reed personally. Reed cashed the check and gave appellant $400, and kept the rest.
There is much in the record about the practice of dividing insurance commissions, but in the opinion of this Commission, that information serves only as a historic background and is not of specific relevance because admittedly the $400 distribution was not properly a part of the general State practice of splitting commissions. This Commission is not required to pass on that practice.
Appellant seems to be saying that he cannot be dismissed for conduct short of an ‘illegal offense’. ‘Cause’ under the Civil Service Amendment does not require commission of a crime. Time and again it has been held that an employee may be discharged for conduct which impairs the efficiency of the State Service.
Appellant himself recognized that he was acting improperly and that his conduct placed his job in jeopardy. That, he says, is why he kept the incident secret and why he did not testify truthfully before the Grand Jury.
The Commission finds the conduct of the employee in conspiring to extract the $1100 and in accepting the $400 to which he was not entitled to be reprehensible, and the admittedly untrue statement before the Federal Grand Jury is likewise a dishonest act. These acts brought discredit to the State Service and impaired employee’s effectiveness as a person charged with great responsibility involving large sums of money. The Commission finds that these acts were sufficient cause for appellant’s dismissal.
The Commission cannot, as appellant contends, properly substitute its judgment for that of the appointing authority unless it can be shown that the appointing authority violated the appellant’s rights as a classified employee in discharging him without cause or unless it *548 believes that the punishment inflicted for the conduct complained of is so flagrantly out of balance that the disciplinary action should be reduced. In the case before us there is sufficient cause for discipline and the severity of the discipline is not disproportionate to conduct which provoked it.
The appeal is denied.
s/ Marian Mayer Berkett_
Marian Mayer Berkett, Member
s/ Watson S. .Finister, Tr._
Watson S. Finister, Jr., Member
s/ James R. Smith_
James R. Smith, Member
Commissioners Harry A. Johnson, Jr., and Joseph F. Blasi, Jr., absent and take no part.”
In his appeal to this court appellant urges that the Commission committed error in eleven respects, to-wit:
I.
The dismissal letter dated November 6, 1973, was fatally defective for the reasons set forth in these assignments.
II.
The dismissal letter did not comply with the requisites of the Louisiana Constitution in that it did not set forth a fair and clear statement of the misconduct on the part of the employee including time, dates and places of the alleged misconduct.
III.
Appellant was discharged without a hearing and without receiving any opportunity whatsoever to present evidence in his own behalf thereby depriving him of constitutionally guaranteed due process of law.
IV.
Appellant was discharged by virtue of testimony given in a Court of Law which is an unlawful ground for dismissal under Louisiana Law.
V.
The conduct of which appellant was accused took place four years prior to the dismissal and, accordingly, did not-constitute an illegal offense under the applicable Statutes of Limitations under Louisiana Law.
VI.
The letter of dismissal dated November 6, 1973, contained several opinions on the part of the Dismissing Authority as to the impairment of effectiveness of Mr. Pendley as a Department Head of the Administration with no evidence whatsoever to support these statements of opinions.
VII.
The Commission found, as a fact, that ‘Mr. Pendley’s effectiveness as a manager of such a large program in which a considerable amount of money was involved has been seriously impaired by the incidents which are referred to and which are conceded to be true’ with no evidence whatsoever to support such finding.
VIII.
Statements of the Acting Chairwoman of the Commission at the hearing on this matter were extremely prejudicial to appellant’s position in that she, at one point, impliedly accused appellant of ‘stealing’ in an effort to make a point during an exchange with appellant’s counsel.
IX.
The Commission gave little or no weight to appellant’s position that no defalcation of State funds was involved, a position clearly substantiated by the evidence placed in the record hereof.
*549 x.
The Commission gave little or no weight to appellant’s position that any impropriety on his part, if any propriety was shown, was more than outweighed by Mr. Pendley’s performance in his position.
XI.
The Commission erred in refusing to allow Mr. Pendley to place in evidence numerous opinions which were available at the date of the hearing as to his effectiveness, honesty, integrity, and reputation for effective service to the State of Louisiana.
We find errors, I, II, IV, V and IX to be without merit. The remaining assignments of error relate to the manner in which the hearing was conducted and address themselves to appellant’s principal complaint to the Commission and urged again before us. Such complaints may be generally characterized by saying that his case was prejudged, and he did not receive a fair hearing in that he was denied the opportunity to present his case in a reasonable and unfretted manner.
As noted above we have detailed extensively the letter of dismissal and appellant’s contentions asserted in his appeal to the Commission and before us. For the purposes of deciding the issue which we deem paramount for resolution it is not necessary for us to address ourselves to the remaining assignments of error. It suffices here to say that we must hold that certain rulings of the Chairwoman and the written reasons of the Commission are erroneous as a matter of law.
In essence, appellant’s defense is twofold; (1) that the offense committed four years prior to his dismissal did not impair his effectiveness as a department head or the public service, and (2) that in view of his service to the state between the dates of the commission of the offense and public knowledge thereof (4 years), the Commission should have considered modification of the penalty of dismissal. During the course of the hearing, the Chairwoman ruled that the Commission was without authority to substitute its judgment for that of the appointing authority and this ruling is further reflected in the written reasons rendered by the Commission.
In Simmons v. Division of Employment Security, 144 So.2d 244 (1st La.App., 1962), this court affirmed a ruling by the Com-misssion which reduced the penalty of dismissal to one of suspension of two months without pay. As stated above in Simmons, the sole issue presented was whether the Commission is empowered to change the penalty imposed upon a finding that cause exists for the action taken by the appointing authority. In Dickson v. Richardson, 236 La. 668, 109 So.2d 51 (1959), the Supreme Court of this state held that Article XIV, Sec. 15(0) (3) authorizes and empowers the Commission to modify the penalty imposed by an appointing authority if, in the judgment of the Commission, a modification is in order.
In Brickman v. Orleans Aviation Board,[1] 236 La. 143, 107 So.2d 422 (1958), the Supreme Court again expressed the view that it was the duty of the Commission to make “independent finding of its own whether the penalty of dismissal was proper under the facts and circumstances of the case.”
It appears to us that the ruling of the Chairwoman and the Commission’s written reasons expresses a self-limitation on the authority of the Commission which we do not feel accords with the intent of the above cited authorities.
Therefore, we hold that this matter must be remanded and an opportunity given to appellant to re-urge his plea in mitigation of the penalty of dismissal before the Com *550 mission and for the Commission to express itself following such argument on whether or not it chooses to modify the penalty of dismissal with the knowledge that it can do so if such modification is justified under the circumstances.
Accordingly, for the above and foregoing reasons, the judgment appealed from is reversed and this matter is remanded to the Commission for further proceedings in accordance with the views herein expressed.
Reversed and remanded.

. In Leggett v. Nortliwestern State College, 242 La. 927, 140 So.2d 5, the Supreme Court expressly overruled its holding in Brickman v. Orleans Aviation Board, above, relative to the question of appellate review of the Commission’s finding of fact.