BEER, Judge.
Roger J. Gandolfo, Jr., Desk Sergeant, New Orleans Police Department, was charged with violation of Articles 53(a) and (b), 64, 65, 68(b), 70 and 83 of the Rules for the Administration of the Department of Police. Gandolfo admitted participation in unauthorized card games while on duty but took issue with other alleged acts of misconduct. By letter of May 10,1976, the Acting Superintendent of Police advised Gandolfo that he had been suspended without pay for thirty days, and demoted to the rank of Police Officer, in accordance with Rule IX, Sec. 1, paragraph 1.1, of Rules of the Civil Service Commission for the City of New Orleans.
Gandolfo appealed to the City Civil Service Commission under the authority of La. Const. art. 10, § 8(A), and Rule II, sec. 4, of the Rules of the City Civil Service Commission. After proceedings before a Hearing Examiner, the Commission affirmed Gan-dolfo’s suspension but reversed the demotion, ordering that Gandolfo be restored to the rank of Desk Sergeant and further ordered that the difference in pay between that of Desk Sergeant and that which he earned as a Police Officer from date of demotion be restored to him.
The Department, appellant here, seeks to have the demotion reinstated. It contends that there is clear, sufficient and unrefuted evidentiary support for all of the allegations of misconduct and, thus, for the imposition of both the suspension and the demotion.
The charges against Gandolfo arose from an investigation into alleged police misconduct which indicated that Gandolfo and others had participated in bouree games at the Third District Station while on duty, contrary to Department regulations. Gandolfo was charged with participation in the games, and failure to bring the matter to the attention of the Department, both of which he admitted. His suspension and demotion were based not only on these charges, but on the following additional charges, which were not admitted:
1. That he had been aware of and acquiesced in subordinates’ neglecting their patrol duties and entering false information on their activity sheets in order to account for time spent in unauthorized card games,
2. That he falsely accounted for his own time, and
3. That he failed to properly supervise subordinates.
With regard to these charges, Gandolfo acknowledged that he was superior in rank to the patrolmen assigned to the station, but denied responsibility for the maintaining of discipline since he, as Desk Sergeant, was not assigned to a specific platoon made up of subordinate police officers. This was contradicted by Assistant Superintendent Duke, who stated that Gandolfo was entirely responsible for the conduct of all of the members of the Department who were in the station at that time . . . ”
The decision of the Commission observed, in pertinent part:
“Had the Appointing Authority carried the burden of proof required of it and produced probative evidence of all the allegations contained in its disciplinary letter dated May 10,1976, dismissal of the appellant from the classified service would have been the proper action. However, the Appointing Authority produced no evidence to support the bulk of *570 the reasons on which it based its disciplinary action. That the appellant engaged in card games for money while on duty and made no effort to bring such improper activities within his personal knowledge to the proper authority were matters supported by the evidence. Although an investigation had been conducted by the Appointing Authority, none of the investigative officers were called as witnesses. The only witness for the Appointing Authority, the Acting Superintendent of Police, lacked personal knowledge of the events except as contained in the investigative report on which he had based the disciplinary ac-. tion. No one was called by the Appointing Authority to corroborate what was in the report. Under these circumstances, the Appointing Authority’s action cannot stand.” (Emphasis ours.)
Finding only that Gandolfo had “engaged in card games for money while on duty and made no effort to bring such improper activities within his personal knowledge to the proper authority were matters supported by the evidence,” the Commission modified the Department’s disciplinary action. Note, e. g., Pendley v. Louisiana Division of Administration, 303 So.2d 544 (La. App. 1st Cir. 1974), and cases cited therein.
The scope of our review is limited. See Hebbler v. Department of Fire, 279 So.2d 224 (La.App. 4th Cir. 1973), affirmed in part, reversed in part on other grounds, 310 So.2d 113 (La.1975); Blake v. Giarrusso, 263 So.2d 392 (La.App. 4th Cir. 1972), writ ref., 262 La. 1154, 266 So,2d 442; Waldroup v. Louisiana State University, 255 So.2d 413 (La.App. 1st Cir. 1971); Burton v. Department of Highways, 135 So.2d 588 (La.App. 1st Cir. 1961), cert. denied.
Accordingly, our inquiry can go no further than to determine if, as a matter of law, the record, including Gandolfo’s admissions, noted above, required a finding:
1.That he had been aware of and acquiesced in subordinates’ neglecting their patrol duties and entering false information on their activity sheets in order to account for time spent in unauthorized card games,
2. That he falsely accounted for his own time, and
3. That he failed to properly supervise subordinates.
In making this determination, we take note of the uncontested and unrefuted fact that Gandolfo was, at all times pertinent, a Desk Sergeant, serving on active police duty.
Thus, as we perceive the scope of our inquiry, we must determine if, as a matter of law, a Desk Sergeant, who is, acknowl-edgedly, not a line officer in the strict sense of the word, nevertheless carries the responsibilities of rank which are requisite to a finding that numbers one and three of the contested charges should not have been dismissed. We must, also, address a similar consideration of charge number two, limited to whether or not the record, including the admissions of Gandolfo, require an affirmative finding.
In our view, it is inherent in Gan-dolfo’s admission that he has falsely accounted for his own time by the very act of continuing to draw his full pay and allowances, etc., notwithstanding his admitted participation, while on duty, in the card playing activities noted above. Also implicit from the record itself is the finding, as a matter of law, that Gandolfo was aware of and acquiesced in the actions of his subordinates and failed to properly supervise them. We believe that a Desk Sergeant is no less charged with overall disciplinary supervision than a Lieutenant, Captain or Major, who is fulfilling a staff rather than a line function. To contend otherwise demeans and detracts from the important rank of Desk Sergeant. Though his function is more administrative than his brother sergeants of the line, he is, above all else, a sergeant. Though his duties may not include specific command functions vis-a-vis the patrolmen who make up the watch or the platoon on duty, his position is one which constitutes “rank” in the jargon of the police department.
*571 Thus, the record — as a matter of law— supports a finding with respect to all of the charges levelled at Gandolfo when considered with his admission. The Commission erred, as a matter of law, in reducing the imposition of such sanctions as were justifiably imposed by the Department, and we must reverse their decision and reinstate the sanctions imposed by the Assistant Superintendent of Police both with respect to the suspension and demotion.

REVERSED.