394 So.2d 1285 (1981)
Shelby SAVOIE
v.
STATE of Louisiana, DEPARTMENT OF CORRECTIONS, L.T.I.-E.B.R.
No. 13940.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
Glenn Hawkins, Baton Rouge, for appellant.
Annette R. Seng, Staff Atty., Dept. of Justice, Baton Rouge, for appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment of the Civil Service Commission affirming his termination.
The issues are: the sufficiency of evidence, particularly the relevance of plaintiff's acquittal on criminal charges arising from the same incident and alleged discrimination and bias.
We affirm.
Plaintiff was terminated from his position as Correctional Officer II at the Louisiana Technical Institute at Baton Rouge (L.T.I.-B.R.), for violation of rules and regulations of the Department of Corrections in connection with an escape incident.
Plaintiff, assisted by his immediate supervisor and another employee, participated in the apprehension of three escapees, during which two of the escapees were beaten. The following day, upon request, plaintiff *1286 filed a written report of the escape and capture but failed to mention the beating. He was criminally charged with Cruelty to a Juvenile, and discharged. After his acquittal in the criminal trial plaintiff sought reinstatement plus full back pay of over $30,000.00. The Civil Service Commission, in upholding plaintiff's termination, found that the evidence established that plaintiff was involved in the beating in violation of Department of Corrections Regulation 30-3 and Louisiana Technical Institute-Baton Rouge Rule 51 which prohibit the striking of a student except in self defense or to prevent an escape. The Commission further found that plaintiff violated Rule 51 in failing to file a written report.
Plaintiff claims the evidence cannot support his termination as it was insufficient to sustain a criminal conviction for Cruelty to a Juvenile. Plaintiff's claim is without merit. Although based upon the same incident, the criminal charges against plaintiff[1] were not co-extensive with the charges upon which plaintiff's termination was based.
The burden of proof is less in a Civil Service hearing than in a criminal proceeding. Although the facts must be "clearly" established, they need not be established "beyond a reasonable doubt." LSA-R.S. 15:271; Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir. 1978).
Plaintiff next contends that the Department of Corrections has failed to prove its case by a preponderance of the evidence. There is conflicting evidence as to plaintiff's actual striking of the escapees. The Commission elected to believe the witnesses asserting the striking. We find no error. There is even stronger evidence of plaintiff's failure to make a written report of the violation, even upon request.
Plaintiff attempts to excuse his actions by claiming he received no training for his position. Plaintiff's argument is without merit. Plaintiff admittedly received and read the rules and regulations of the Department of Corrections and L.T.I.-B.R.
Plaintiff claims the hearing referee erred in not admitting evidence of discrimination against him. In the first place, he did not allege discrimination as required by Civil Service Rule 13.11(d). However, the hearing referee did allow plaintiff to introduce evidence concerning alleged discrimination in the allotment of punishment to various individuals involved in the escape incident. Those employees who allegedly struck the escapees were terminated, while those who merely observed the beating were suspended. Plaintiff's assertion of discrimination then would be dependent upon the failure of proof of his participation in the striking. As shown above we find no error in the Commission's finding that plaintiff participated. The burden of proof is on plaintiff to show discrimination. LSA-Const. Art. 10, Section 8. We find plaintiff has not met that burden.
Plaintiff's last complaint is that the Assistant to the Director of the Department of Corrections, who was the officer in charge of security guards at the time of plaintiff's termination, is biased against plaintiff's re-employment. The record fails to substantiate this charge.
For the above reasons, the judgment of the Civil Service Commission is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:93:

"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more then ten years, without or without hard labor, or both."