WATKINS, Judge.
This is an appeal brought by John V. Martin from the affirmance by the Civil Service Commission of his termination from the position of Revenue Deputy III with the Louisiana Department of Revenue and Taxation. The appellant, Mr. Martin, was delivered a letter dated January 31, 1985, removing him from his position. A referee heard Mr. Martin’s appeal and the Civil Service Commission affirmed the referee’s decision. We affirm the decision of the Civil Service Commission, with somewhat broader reasons.
Mr. Martin’s job consisted of making field trips to taxpayers in the Lafayette District. The most serious derelictions of duty alleged by the termination letter of January 31, 1985, were failure to report to the district office of the Department of Revenue and Taxation in Lafayette, as he had been ordered to do, at the hours of 8:00 a.m. and 4:00 p.m., falsification of odometer readings in his daily reports, and failure to give his home address on a form calling for his home address. Rather, he gave his post office box number.
Mr. Martin correctly argues that the burden of proof is on the appointing authority to prove its allegations by a preponderance of the evidence. See Savoie v. State, Department of Corrections, 394 So.2d 1285 (La.App. 1st Cir.1981). That contention is obviously correct. However, we find that the allegations of dereliction of duty on the part of Mr. Martin were amply proven. The uncontradicted evidence shows that repeatedly Mr. Martin reported to the Lafayette District Office later than 8:00 a.m., the time he was required to report. Also, the odometer readings were too great for the distances that Mr. Martin would be required to drive in fulfillment of his duties as Revenue Deputy III. Fur *270 ther, for no apparent reason the distances allegedly traveled increased from between 20 and 30 miles per day to over 40 miles per day. Also, Mr. Martin did not give his home address. The failure to do so was detrimental to the Department of Revenue and Taxation, as Mr. Martin had no telephone, and, without knowledge of his home address, his superiors could not get in touch with him in an emergency.
The referee has stated in her opinion that only the failure to give his home address had satisfactorily been proven, but that that ground alone was sufficient to justify termination. While we doubt that the failure to give his home address was sufficient to support termination, the entire pattern of misconduct, failure to report to the district office on time and falsification of odometer readings, was sufficient to support dismissal. See Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir.1981).
Mr. Martin further contends that he was the victim of discriminatory treatment— that other workers who were guilty of similar misconduct were not disciplined. However, charges of discriminatory treatment must be alleged and proven specifically. See Civil Service Rule 13.11(d); Savoie v. State, Department of Corrections, supra. That was not done by Mr. Martin.
Mr. Martin’s position was a Louisiana civil service position. The holding of a civil service position is a property right, of which an employee cannot be divested without due process. Mr. Martin contends the holding of the United States Supreme Court in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) requires that at least an informal hearing must be held by the appointing authority before a civil service employee’s position can be terminated. While that statement is true, Mr. Martin was given full notice of the charges brought against him in earlier disciplinary action and was told to change his conduct, or he would be terminated.
By letter from the Department of Revenue and Taxation dated August 10, 1984, Mr. Martin was reprimanded. By letter from the Department dated August 20, 1984, Mr. Martin was suspended from his position as Revenue Deputy III for five days without pay. Most of the charges in those letters involved failure to report daily odometer readings.
In December of 1984 Mr. Martin met with Ralph Slaughter, Assistant Secretary of the Louisiana Department of Revenue and Taxation, and Ernest Trahan, District Director of that Department, and was told that he should reform the practices for which he was subsequently terminated or he would be removed. Mr. Martin did not change his practices. He was given a letter of termination by Mr. Trahan on January 31,1985, and asked by Mr. Trahan if he had any questions. He replied he did not.
As Mr. Martin was given full and timely warning before termination and was given an opportunity to ask questions simultaneously with the delivery of the letter of termination, there was full compliance with Loudermill, supra, and Mr. Martin was not deprived of property without due process of law.
The decision of the State Civil Service Commission is affirmed at appellant’s cost.
AFFIRMED.