558 So.2d 676 (1990)
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, LOUISIANA STATE PENITENTIARY
v.
Herbert HOOKER.
No. CA 89 0125.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*677 Adair D. Jones, Asst. Atty. Gen., Dept. of Justice, Corrections Section, Baton Rouge, for appellant.
Floyd J. Falcon, Jr., Avant and Falcon, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
This is an appeal by a state civil service appointing authority from a decision of the State Civil Service Commission (Commission) that reversed the suspension of a classified employee, ordered payment of all salary withheld during the suspension and removed all details concerning the suspension from the employee's personnel file.

PROCEDURAL FACTS
On May 4, 1987, Herbert Hooker was a classified employee with the Department of Public Safety and Corrections (DPSC) serving in the position of Corrections Security Officer II at the Louisiana State Penitentiary at Angola, Louisiana. By letter dated May 4, 1987, the Secretary of DPSC advised Hooker as follows:
On April 27, 1987, at 6:00 p.m., Warden Hilton Butler received a request from the West Feliciana Parish Sheriff's Office to go to your residence located near Louisiana State Penitentiary's Front Gate in Tunica, Louisiana. Upon arriving, Deputy Joe Pittman showed Warden Butler a twelve gauge shotgun wedged into a fork of [sic] tree with a fishing line tied to the trigger mechanism. After securing the weapon, Warden Butler, Deputy Pittman and Deputy Randy Holden returned to Louisiana State Penitentiary and summoned you to the Warden's Office for questioning. At approximately 8:00 p.m., you were arrested on a felony charge of illegal use of a weapon.
By your actions you violated Corrections Services Employee Rules and Procedures # 13(o) requiring that employees shall not violate state or federal law.
Therefore, this letter will serve to inform you that you will be suspended from your position of Corrections Sergeant at Louisiana State Penitentiary for a period of time not to exceed ninety (90) days pending the result of the outcome of your charges. Your suspension began April 27, 1987, and this letter will serve to confirm that verbal suspension.
Rule 13(o) of the Corrections Services Rules and Procedures provides as follows:
Employees shall not violate state or federal law. At the discretion of the Secretary, an employee charged with any criminal conduct may be placed on leave pending the outcome of the charges; (NOTE: A criminal conviction is not necessary to support a finding of a law violation.) An employee must notify his immediate supervisor within 72 hours in the event of his arrest.
The offense of illegal use of a weapon is proscribed in La.R.S. 14:94, which provides, in pertinent part, as follows:

*678 A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
On May 7, 1987, Hooker filed an appeal with the Commission. On July 8, 1987, the Commission approved the extension of Hooker's suspension until 15 days after the final outcome of the criminal charge. On October 29, 1987, the State entered a nolle prosequi in the criminal proceedings against Hooker in the Twentieth Judicial District Court, Parish of West Feliciana. Hooker was reinstated with pay effective October 29, 1987, but this reinstatement was not made retroactive, only prospective. On November 12, 1987, Hooker filed a motion for a summary disposition in his favor asserting that the nolle prosequi of the criminal charges required a ruling in his favor on the appeal.
The Commission held a public hearing on the appeal on September 13, 1988. At the commencement of the hearing DPSC moved to dismiss the appeal asserting that a compromise agreement executed by Hooker, the Sheriff of West Feliciana Parish and several of his deputies, and the Warden of Angola, effectively terminated this appeal. The Commission dismissed Hooker's motion for summary dismissal on the ground that "an acquittal on criminal charges does not necessarily foreclose a civil service appeal." The Commission dismissed DPSC's motion on the grounds that the compromise agreement pertained to damage claims (and not the civil service appeal) and DPSC was not a party to the agreement (apparently the Warden appeared therein in his individual capacity). However, the Commission, on its own motion, rendered a summary disposition in favor of Hooker.[1] The Commission observed, in pertinent part, as follows:
Preliminarily, the Commission notes that as a matter of law, appellee will be unable to prove that appellant violated Corrections Services Employee Rules and Procedures # 13(o). In this appeal, appellant has essentially been charged with violating Rule # 13(o) by violating a criminal law (illegal use of a weapon). However, because the criminal charges have been nolle prossed, there has been and will be no determination by a court having jurisdiction over criminal matters, that the state criminal law was violated. Even if an evidentiary hearing on this appeal were to be held, the Commission would decline jurisdiction to determine whether or not the criminal statutes were violated. Therefore, when the charge of violating Rule # 13(o) is eliminated, the only "charge" remaining against appellant is essentially that on April 27, 1987, several people saw a shotgun with fishing line tied to the trigger in a tree at appellant's residence and that appellant was arrested therefor.
The Commission held that without the illegal use of a weapon allegation the letter of suspension "contains no allegations that appellant's off-duty conduct undermined his fitness to perform his duties" and no other "wrongdoing by appellant is even mentioned." From these facts the Commission concluded that "there is no basis pleaded in the letter of suspension from which the Commission could conclude that there was legal cause for the suspension."
DPSC took this appeal.
JURISDICTION AND/OR AUTHORITY OF THE COMMISSION TO DECIDE IF VIOLATION OF A CRIMINAL STATUTE IS CAUSE FOR A DISCPLINARY ACTION

(Assignments of error 1 and 2)
DPSC contends the Commission erred by "finding that appellant will be unable to prove that appellee violated Correction Services Employee Rules and Procedures # 13(o)" and "in finding that, even if an evidentiary hearing were to be held, the Commission would decline jurisdiction to *679 determine whether or not the criminal statutes were violated."
The Commission has the exclusive power and authority to hear and decide all state civil service disciplinary cases. La. Const. of 1974, art. X, § 12(A). No classified state employee shall be subjected to disciplinary action except for cause expressed in writing. La. Const. of 1974, art. X, § 8(A). Cause includes conduct prejudicial to the public service or detrimental to its efficient operation. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984); Fisher v. Department of Health and Human Resources, Office of Human Development, 517 So.2d 318 (La.App. 1st Cir.1987). Conduct which constitutes a violation of a criminal statute may constitute cause. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), writ denied, 399 So.2d 602 (La.1981) (attempted theft of food). Cf. Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.), writ denied, 470 So.2d 120 (La.1985); Savoie v. State, Department of Corrections, L.T.I.-E.B.R., 394 So.2d 1285 (La.App. 1st Cir.1981); Foster v. Department of Public Welfare, 159 So.2d 515 (La.App. 1st Cir. 1963), writ refused, 245 La. 800, 161 So.2d 277 (1964). To the extent that the Commission held to the contrary, it committed an error of law.
The Commission appears to hold that the State's entry of a nolle prosequi on the charge of illegal use of a weapon has precluded it from taking further action in this disciplinary proceeding. The Commission correctly observes that an acquittal on a criminal charge does not preclude a civil service disciplinary action on the same set of facts. Cf. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Daniels v. New Orleans Police Department House of Detention, 236 La. 332, 107 So.2d 659 (1958). The dismissal (nolle prosequi) of a prosecution by the State does not bar a subsequent or further prosecution for the same offense unless jeopardy has attached. La.C.Cr.P. arts. 691 and 693; State v. Norwood, 351 So.2d 122 (La.1977). Thus, it must follow that if an acquittal on a criminal charge does not preclude a civil service disciplinary action on the same facts, a nolle prosequi on a criminal charge does not preclude such an action either.
These assignments of error have merit.

SUFFICIENCY OF CHARGE

(Assignment of error 3)
DPSC contends the Commission erred in determining that the letter of suspension does not properly state a charge against Hooker.
Civil Service Rule 12.2(a) and (d) provide in pertinent part, as follows:
12.2 Suspensions.
(a) Any permanent employee who is suspended without pay shall be so notified by his appointing authority or his authorized agent on or before the effective time and date of the commencement of the suspension. Each permanent employee so suspended shall be furnished detailed reasons therefor in writing prior to or within fifteen (15) calendar days following the effective date of the suspension....
(d) For purposes of this Rule, "detailed reasons" shall include, at least a description of the misconduct for which the suspension is being levied and shall include the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct (unless their identities are protected by state or federal statute or regulation, in which case, identification shall be made as permitted by such statute or regulation) and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense....
A review of the pertinent portions of the suspension letter herein shows that it complies with the requirements of these rules.
This assignment of error has merit.

DECREE
For the foregoing reasons, the decision of the Commission is reversed, and this *680 action is remanded to the Commission for further proceedings in accordance with law and civil service rules. Hooker is cast for the cost of this appeal.
REVERSED AND REMANDED.
EDWARDS, J., concurs.
NOTES
[1] The Commission denied Hooker's claim for an attorney fee with a holding that DPSC did not act unreasonably when it initially suspended him. Hooker has not contested that ruling.