588 So.2d 1185 (1991)
DEPARTMENT OF SOCIAL SERVICES, OFFICE OF COMMUNITY SERVICES
v.
Donald C. SCHNEEWEISS.
No. 90 CA 0875.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*1186 Gerard N. Torry, Staff Atty., Dept. of Social Services, Bureau of Legal Services, Baton Rouge, for appellant.
Louis L. Sherman, Jr., Kentwood, for appellee.
Robert R. Boland, Jr., Civ. Service Gen. Counsel, Dept. of State Civ. Service, Baton Rouge, for Herbert L. Sumrall, Director of Dept. of State Civ. Service.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Donald C. Schneeweiss (Schneeweiss) has obtained permanent status with the Department of Social Services, Office of Community Services, Division of Children, Youth, and Family Services (DOSS) as a Social Services Specialist 2. Schneeweiss works in the Crisis Intervention Unit of the Tangipahoa Parish office. His primary responsibility is to investigate reports of child abuse. By letter dated February 3, 1989, Marlyn N. Hayes, Division Director, notified Schneeweiss that he was terminated for the following reasons: (1) falsifying agency records in five cases; (2) fraudulently obtaining mileage reimbursement for field visits he did not complete; (3) failing to conduct investigations in accordance with policy; and (4) providing erroneous or false information to his supervisors when questioned about his activities.
A hearing was held on June 30, 1989, before a referee appointed by the Civil Service Commission (Commission). After a hearing on the merits, the referee found that the appointing authority failed to carry its burden of proof as to three of the four charges relating to the five cases in which Schneeweiss was charged with misconduct. The referee also held that although the charges proved by DOSS were serious in nature and could support dismissal, the heavy workload assigned to Schneeweiss was a sufficient mitigating factor to justify only a 90-calendar-day suspension.[1] In response to this judgment DOSS timely perfected an appeal to this court, assigning 20 assignments of error.
A person who has gained permanent status in the classified State Civil Service may be subject to disciplinary action for legal cause expressed in writing, if the conduct complained of includes conduct prejudicial or detrimental to the efficient and orderly operation of the public service in which the employee is engaged. Department of Public Safety & Corrections v. Hooker, 558 So.2d 676, 679 (La.App. 1st Cir.1990). The appointing authority has the burden of proving by a preponderance of the evidence the facts underlying the charges. Howard v. Housing Authority, 457 So.2d 834, 843 (La.App. 1st Cir.1984). The standard of appellate review of facts used by this court is the same standard used in reviewing decisions from the district courts. The factual determinations of a referee will not be set aside unless manifestly erroneous. Id. at 843-844. However, the judicial review function is not so limited with respect to the Commission's (or referee's) decisions as to jurisdiction, procedure, and interpretation of laws and regulations. Walters v. Department of Police, 454 So.2d 106 (La. 1984).

I.
DOSS accused Schneeweiss of giving false information concerning a visit to the home of a client on November 2, 1989 (the Jackson case); of not visiting the home of an alleged perpetrator, as reported in his activity and mileage records (the Dokes case); and of not making certain field visits to the Hammond Pontchatoula Headstart Center, as reported in his activity and mileage reports (the Dokes case). The referee specifically rejected the testimony and evidence offered by DOSS. Instead the referee chose to believe the testimony of Schneeweiss that he made the reported field visits and interviewed all of the parties named in the reports. Based on the record before us we cannot conclude that the referee's ruling in this regard is clearly wrong. See Rosell v. ESCO, 549 So.2d *1187 840, 844 (La.1989), wherein the court stated: "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong."

II.
DOSS complains that the referee failed to consider several proven violations of DOSS's policies in making the decision that a 90-day suspension (instead of termination) was justified under the circumstances. Specifically, DOSS contends the referee failed to consider Schneeweiss's failure to give each alleged perpetrator two forms which provide the alleged perpetrator with notice of the investigation and its ultimate result (the Dokes case, the Dantzler case, and the Stevens case). DOSS also urges the referee failed to consider that Schneeweiss did not conduct an in-person interview with the suspected perpetrator as required by agency policy (the Dantzler case and the Stevens case), and falsified his activity sheets by reflecting that an inperson interview actually took place (the Stevens case and the Dantzler case). Finally, DOSS contends the referee should have given more weight to the fact that Schneeweiss erroneously indicated in his activity sheets that he interviewed a suspected victim of abuse at his home when, in fact, Schneeweiss visited the victim at his school (the Dokes case).
The Civil Service Commission has the authority to make an independent finding as to whether a penalty of dismissal is proper under the facts of the case before it. Simmons v. Division of Employment Security, 144 So.2d 244 (La.App. 1st Cir. 1962). The decision of the Commission in changing the penalty imposed cannot be set aside by this court except upon a finding that the Commission's decision was arbitrary or capricious. Id. at 246. However, if the Commission based its ruling on an erroneous interpretation of law, the judicial review function is not so limited. Hooker, 558 So.2d 676.
In written reasons for judgment, the referee found Schneeweiss's reports contained erroneous information. However, the referee attributed the errors to the heavy workload assigned to Schneeweiss. The referee found the termination was not justified after considering two of DOSS's contentions, the failure to provide the alleged perpetrators certain forms, and the erroneous description of the site of the interview of the victim in the Dokes case. The referee did not consider the other violations urged by DOSS in determining whether termination was appropriate under the circumstances. We shall now address DOSS's contentions that the referee rejected as unproven.

A.
First, the referee concluded DOSS failed to prove Schneeweiss fraudulently falsified his travel expense forms in two cases because in both cases Schneeweiss listed more than one case number or name for each date on his travel expense form.
The pertinent facts of the two cases are as follows. In the Newman case, the parties stipulated Schneeweiss did not make any visits to the alleged victim's home even though his daily activity sheet and his travel expense form reflect that a visit was made. In the Stevens case, the parties stipulated that after his supervisor became concerned over numerous other discrepancies Schneeweiss changed his daily activity report and case narrative to reflect that he only phoned the alleged perpetrators rather than conducting an in-person interview as stated on his daily activity sheet. Schneeweiss, however, did not correct the corresponding travel expense form. In the former case, in an effort to explain the discrepancy, Schneeweiss suggested that he was confused and meant to record the name of another unnamed case. Schneeweiss offered no explanation with regard to the latter case.
In Wollerson v. Department of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.), writs denied, 441 So.2d 1221, 1222 (La. 1983), the plaintiff was dismissed from his position as Agricultural Inspector 1 for falsifying his daily activity report by indicating he worked eight hours on September 9, 1980, when he did not and by indicating *1188 that he took feed and seed samples from specified businesses at specified times on the same day when he did not. The Commission found that terminating an employee for having worked only six and one-half hours on one day was too severe and reinstated Schneeweiss with only a reprimand. After noting, among other things, that Schneeweiss admitted falsifying his work records, this court found the Commission erred in reinstating Schneeweiss because his admissions warranted at the minimum a 30-day suspension without pay. This court also noted that dismissal of an employee for falsification of work reports and expense accounts may be appropriate under Civil Service Rule 14.1(j), which prohibits the making of false statements or reports with regard to employment.[2]
In Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971), the plaintiff, an inspector of highway machinery and equipment, appealed the decision of the Civil Service Commission that upheld his dismissal. This court reversed after finding DOSS made no showing that the violations charged, i.e., falsifying the payroll record and submitting a fraudulent expense account, would prejudice the efficiency of the service, and did not demonstrate an intent on the part of the employee to defraud the Highway Department. The Louisiana Supreme Court reversed this court's decision and reinstated and affirmed the decision of the Civil Service Commission. In reversing, the supreme court held a violation of Civil Service Rules need not be supported by independent evidence of impairment of the efficiency of the service nor by independent evidence of intent of an employee to defraud.
In Martin v. Department of Revenue and Taxation, 525 So.2d 268 (La.App. 1st Cir.1988), the plaintiff appealed the affirmance by the Civil Service Commission of his termination from the position of Revenue Deputy III with the Louisiana Department of Revenue and Taxation. DOSS terminated Schneeweiss for reporting at the Lafayette District Office later than 8:00 a.m., the required time to report; falsifying odometer readings in his daily reports; and failing to give his home address on a form calling for his home address. The referee found that DOSS proved only that Schneeweiss failed to give his home address. Nevertheless, the referee found that termination was justified. After overruling the referee's findings concerning the failure of Schneeweiss to report timely and falsification of the odometer readings, this court upheld the referee's decision to terminate Schneeweiss, finding the entire pattern of misconduct was sufficient to support dismissal.
As noted above, here the referee found that since Schneeweiss listed two case names for each daily total mileage figure DOSS could not prove falsification. If this were a case where DOSS was seeking recovery of the amount overpaid, we would tend to agree with the referee's analysis. However, DOSS simply wants to dismiss Schneeweiss for falsifying expense forms. Clearly, Schneeweiss claimed at least a small amount in mileage for trips he did not make. Based on the cases cited above, we find the referee erroneously concluded DOSS failed to prove this aspect of its case.

B.
Although Schneeweiss violated DOSS's policy by not conducting in-person interviews with the alleged perpetrators, the referee nonetheless held DOSS failed to meet its burden of proof by failing to introduce evidence that failure to follow this particular policy somehow impaired the efficiency of the department's ability to carry out its function.[3]
*1189 DOSS suggests, in addition to violating department policy, Schneeweiss also violated the letter and spirit of LSA-R.S. 14:403 in the handling of two of his cases. This statute provides in pertinent part:
(G)(2)(b)(i) This investigation shall include a preliminary investigation as to the nature, extent, and cause of the abuse, neglect, or sexual abuse and the identity of the person or persons actually responsible for the child's condition. The preliminary investigation shall include an interview with the child and his parent or parents or other caretaker.
The statute also calls for an interpretation that provides the greatest possible protection for children.
DOSS complains that Schneeweiss violated the statute in two cases (the Stevens case and the Dantzler case). In the Dantzler case, Schneeweiss investigated a complaint of physical child abuse allegedly committed by the victim's mother and sister. He conducted an in-person interview with the victim and the victim's father. Schneeweiss also interviewed the victim's mother over the phone. Based on a physical examination of the child and the above-mentioned interviews, Schneeweiss concluded the complaint was invalid and recommended closing the case. In the Stevens case, another case involving allegations of physical abuse, Schneeweiss interviewed the victim in person and spoke with the victim's parents over the phone.[4] Again, based on the information gathered, Schneeweiss recommended closing the case.
Conduct which constitutes a violation of a criminal statute may constitute cause. See Hooker, 558 So.2d at 679, where this court found the Commission committed an error of law in ruling that an alleged violation of a criminal statute could not support a suspension of the employee when the state declined to prosecute. In Jones, 250 So.2d at 359, the supreme court stated that a violation of Civil Service Rules need not be supported by independent evidence of impairment of the efficiency of the service of the department. This same rule should apply with even more force when the employee violates a criminal statute that demands conformance by department employees to certain guidelines.[5]

III.
The referee's reasons for judgment conclude that extenuating circumstances mitigated what would otherwise constitute cause for termination. The most egregious situation which we noted from our reading of the record is not factually contested and was stipulated to at the beginning of the hearing, i.e., the Newman case.
In discussing the Newman case, the referee said:
[A]ppellant's conduct in failing to conduct an investigation in the Newman case before closing the file as an invalid report is a serious offense which, but for the extenuating circumstances present in favor of appellant, could support cause for termination; however, due to the evidence in mitigation presented by appellant, the Referee concludes that the conduct will support a ninety calendar day suspension.
Schneeweiss testified that when the Newman case was referred to him on May 15, 1987, he could not find the residence. His activity sheet (often referred to as CR-8) shows a home visit on May 19, 1987, where he obtained the information he sets out on the narrative report he used to close *1190 the file. Therein, he makes certain factual observations to justify his determination that the complaint should be closed as invalid. Yet, Schneeweiss stipulated before the hearing that he talked to no one, confirmed this fact on cross-examination, and attempted to justify his actions by blaming it on the backlog and that the facts of the narrative report must have been from another investigation. This contention strains the very limits of credibility when the verbiage of the report is analyzed; we quote from it as follows:
The reason for this finding is that on 05-21-87 Worker made a home visit to observe the family's situation. There is food in the home. As this home is not the greatest situation in the world, it is more than adequate. Dawn looks average to normal to this worker. In speaking to Edward Newman, who is 17 years old, the mother is taking care of them. She does cook and feed them and there are times when they have sandwiches, but he sees nothing wrong with that as does this worker. The house is not the best, but it is more than adequate. Worker feels this referral should not have been taken.

CONCLUSION
The record clearly shows Schneeweiss not only violated his department's policies and the Civil Service Rules, but he also violated Louisiana criminal law, LSA-R.S. 14:403. Notwithstanding these violations, most of which are uncontested, the referee felt a 90-day suspension was sufficient. Not only did she abuse her discretion, she committed an error of law. The only legally appropriate sanction was termination. The decision of the Civil Service Commission is reversed at Schneeweiss's costs.
REVERSED AND RENDERED.
NOTES
[1] The decision of the referee became the final decision of the Commission, when the defendant did not file a timely appeal with the Commission. Civil Service Rule 13.36(e).
[2] Civil Service Rule 14.1(j) provides:

No person shall make any false statement, certificate, mark, rating, form or report with regard to any application, test, certification, personnel transaction, appointment or employment made under any provision of the Article, the Rules, or a regulation of the Department of Civil Service, or in any manner commit or attempt to commit any fraud preventing the impartial execution of the Article, Rules and Regulations.
[3] The Program Policy Manual for the Division of Children, Youth, and Family Services, provides in pertinent part:

The Child Protection Investigation Worker shall conduct an individual, in-person interview with each parent/person responsible, alleged perpetrator, and alleged child victim.
[4] This is the same case mentioned early in the opinion, where the plaintiff's records indicated he interviewed the perpetrators in person; however, after being questioned about the accuracy of his reports, he later changed the reports to indicate a phone interview instead.
[5] Moreover, we note that the rule set forth in Jones was extended in Matter of Geiger, 337 So.2d 549 (La.App. 2d Cir.1976). In Geiger, the court held the Shreveport Fire Department did not have to show impairment of the efficiency of the department when the employee refused to keep his mustache trimmed to department regulation length since the conduct occurred on the job.